## THE STATE v. CALEB MILLER.

1. Surveyors of the highway, in estimation of the damages of any land holder whose land is taken for a public highway, are not bound to deduct from the amount of damages sustained the amount of benefits derived, and to award only the excess. The land owner is entitled to the benefit and advantages from the road which he enjoys in common with the rest of the public, and, besides, to be paid for the loss which he alone sustains.

2. The Supreme Court cannot, on *certiorari*, settle from evidence whether too much or too little damages have been allowed to the land owner; that is a matter of fact, to be determined by the surveyors exclusively, or upon a review of their assessment.

3. If a town committee have applied within twenty days for the appointment of freeholders to review the assessment of surveyors, and the appointment without their default is not made within that time, the remedy is not lost, but the appointment may be subsequently made.

4. A return of a road will not be set aside because one course of the road is by accident not actually delineated on the map, when the course and distance are given definitely, both on the map and return, so that the deficiency can be amended by order of the court.

This was a *certiorari* to remove the return of surveyors of the highways of the county of Somerset, laying out a public highway in the township of Bridgewater, in that county, and the assessment of damages to the land owners returned with it. The relators are the town committee of the township of Bridgewater, who complain of the amount of damages assessed, the principle on which the same were assessed, and that they were deprived of the review authorized by the statute, by reason of the non-attendance of the judge to whom they had applied to appoint commissioners.

The facts of the case and the reasons relied upon appear in the opinion of the court.

Argued before NEVIUS and OGDEN, Justices.

*H. Gaston* and *Carpenter*, for plaintiffs; *Ransom*, for defendant.

NEVIUS, J. This *certiorari* is brought to set aside the return of a public road, laid out by surveyors in the county of Somerset. The complaint is, that the assessment of damages to

the land owners was excessive and exorbitant, and made upon erroneous principles, and that the prosecutors of this writ, to wit, the town committee of the township of Bridgewater, were accidently deprived of their right of review by three disinterested freeholders. The following are the facts, as gathered from the state of the case and arguments of counsel : the road was laid out on the 5th of December, 1850, and the return made on the 13th of the same month. The road is about one and a half miles in length, and the assessment to land holders $685. On the 20th of December, a notice was served on the land owners, that an application would be made to I. Voorhees, a judge of the Court of Common Pleas, at the house of I. Fritts, in Somerville, on the 2d of January, 1851, for the appointment of reviewers under the act of 1850, and a previous arrangement had been made with Judge Voorhees to attend, at the time and place mentioned, to hear the application. On the day mentioned in the notice, the parties attended at the place designated, but the judge, from some accidental cause, failed to attend. The prosecutors supposing that, by the terms of the statute, they could give no new notice of such application, made no further attempt to procure a review, but have brought this writ to set aside the whole proceedings.

The first question presented is, whether the prosecutors in this case have been aggrieved ? And second, how far this court, on *certiorari*, can afford relief ?

The allowance of compensation to land owners for lands taken for public roads, and the mode of ascertaining and assessing damages, is provided for by a recent statute, and as is often the case, it is somewhat difficult to ascertain and determine the true meaning and construction of the statute. The prosecutors complain that they are aggrieved by an excessive assessment, and that the same was made on a wrong principle; and second, that by the neglect of the judge, they were deprived of the right of review.

The first section of the act (162 *Pam. L.* 1850) provides that the surveyors, or a majority of them, shall immediately after laying out the road, make an assessment of the damages the owner of any land, taken for that purpose, will sustain by

laying out such road. There is no mode or principle specially pointed out in the act, upon which the assessment is to be made, and it is contended that the surveyors, in making their estimate of damages, are bound to take into consideration the benefits or advantages resulting to the land owner from the laying out the road, which it is alleged they have not done in the present case. As the act is silent upon the subject, I am of opinion that the surveyors are not bound first to estimate the damages, and then the benefits, and deduct the latter from the former, and assess the balance as the damages. The advantages of a public road are common, and may be equal to all persons who have occasion to use it, whether their lands are taken for it or not; and therefore there is no reason why the man whose land is occupied by a public highway should be made to contribute more for the public and common benefit than his neighbor, whose lands are not occupied, but who is equally benefited by the improvement. I see no error in this proceeding of the surveyors, even admitting that they did refuse to take into consideration the advantages resulting to the land owners, which is not quite apparent from the case.

But it is further objected that the damages assessed are excessive, and affidavits have been taken to make good this charge. Upon reading these affidavits, I do not clearly perceive that the charge is made out. The witnesses differ in their estimates of the damages; the surveyors were upon the ground, examined the premises, and are presumed to be as capable of forming a fair and proper estimate as any body else ; and as there is no charge of corruption, bias, or interest imputed to, or proved against them, this court is not called on to convert itself into a tribunal of fact, and set aside not only the assessment, but the return of the road itself, because we may be impressed with a belief that the damages awarded are greater than we ourselves would have given. Under like circumstances, and with like opportunities, our own minds might have arrived at the same conclusion with the surveyors.

But again, it is objected that the town committee had no notice of the application for this road, or of the meeting of the surveyors to lay it out. The act requires no special notice to

them, more than to any other party interested.   The public advertisements, which were published in this case, are all the notice which is required by law.   But besides this, there is evidence before us that one of the members of the town committee, *viz.* Mr. Miller, was actually present at the laying out the road and the assessment of damages.

There is nothing, therefore, in these several objections that will warrant this court in setting aside the proceedings.

It is further objected that the prosecutors of this writ were by accident, for which they were not responsible, deprived of the benefit of a review of the assessment made by the surveyors.   The fifth section of the act provides, " that if any town committee shall be dissatisfied with the assessment of the surveyors, they may, within twenty days after the return shall be filed in the clerk's office, apply to one of the judges of the Common Pleas of the county, who shall appoint three competent and disinterested freeholders to review the assessment made by the surveyors."   And, by the eighth section, ten days' notice of such application shall be given in writing, of the time and place of making the same.   The return of the surveyors was filed in the clerk's office on the 13th of December.   On the 20th, a judge of the Common Pleas was notified that an application would be made to him for the appointment of reviewers, who then fixed the time and place of making such application, to wit, the 2d of January, at the house of I. Fritts, in Somerville.   On that day the parties appeared at the place assigned, but the judge neglected his appointment, and failed to attend.   Thus far the prosecutors had done all that the statute required.   But they failed afterwards to do what they might lawfully have done to secure a review of the assessment.   When they found that the judge did not appear within a reasonable time on the day appointed, they should have sent for him, as his residence was within five miles of the place appointed.   If they could not do this, or if they refused to do it, they should have procured the consent of the land owners to an adjournment of the application to the following, or some other day.   If they failed to obtain such consent, they should have given a new notice in writing of the

time and place of making the application before the same, or some other judge. This they had a legal right to do : for, having in all things complied with the act, they were not barred by the expiration of the twenty days from pursuing this remedy. Suppose that the judge to whom the application was to be made, by the terms of the notice, had died the day before the time fixed for the appointment of the reviewers : in that case the true spirit of the act would not deprive the party aggrieved from giving a new notice, and having the assessment reviewed in the manner contemplated by the act. The prosecutors of this writ have, therefore, not pursued their remedy as they might and ought to have done, and we cannot on this hearing, for that reason, set aside the proceedings.

It is further objected that the surveyors have not returned a full map or draft of the road. They have annexed to their return a map which is defective, in that the last course of the road has been accidentally omitted to be laid down on the map. The written return describes this course, with its distance, the same as all the other courses, and this course and distance is also mentioned in figures on the map, which can be perfected by merely drawing the line on the paper. This could be done as well, and with as much certainty, by the clerk of the court as by the surveyors, and if the objection had been made when the return came in, the court below might have ordered the map perfected by drawing such line. The proceedings ought not, for that cause, to be set aside.

The last objection advanced by the plaintiffs in *certiorari* is, that the surveyors received for their services, from the applicants for the road, a larger compensation than is provided by the statute. However improper such a practice may be, it will not vitiate the proceedings of the surveyors, unless it could be shown that such additional compensation induced them to lay out the road, or that it was designed to have that effect. As there is no charge of corruption, the return and proceedings of the surveyors must be affirmed in all things, with costs.

OGDEN, J., concurred.

CITED in *Inhab. of Readington* v. *Dilley*, 4 *Zab.* 215–217; *Williamson* v. *East Amwell*, 4 *Dutch.* 272; *Inhab. of Lambertville* v. *Clevinger*, 1 *Vr.* 55; *State* v. *Hulick*, 4 *Vr.* 311; *Swayzee* v. *N. J. Midland R. R. Co.*, 7 *Vr.* 300; *State* v. *Pierson*, 8 *Vr.* 367; *Field* v. *Field*, 9 *Vr.* 292.